IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 20-cv-02095-REB

ZAINAB HADI,

    Plaintiff,

v.

KILOLO KIJAKAZI,[1] Acting Commissioner of Social Security,

    Defendant.

## ORDER RE: PLAINTIFF'S MOTION FOR ATTORNEY FEES

**Blackburn, J.**

The matter before me is plaintiff's **Amended Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Ac 28 U.S.C. § 2412(d)** [#29],[2] filed July 28, 2021. I grant the motion in part and deny it in part.

Plaintiff filed this appeal contesting the Acting Commissioner's denial of her application for supplemental security insurance benefits under Title XVI of the Social Security Act. Following the submission of plaintiff's opening brief, the Acting Commissioner filed a motion to remand the case under sentence four of the Act. Plaintiff did not oppose that motion, and the case was remanded to the Acting

---

[1] On July 9, 2021, President Joseph R. Biden appointed Kilolo Kijakazi as Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew M. Saul, former Commissioner of Social Security, as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] "[#29]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Commissioner for further proceedings. This motion followed, by which plaintiff seeks recompense for 34.27 hours of attorney work and 22.18 hours of paralegal work.

Under the Equal Access to Justice Act ("EAJA"), a prevailing party (other than the United States) is entitled to recoup her attorney fees in a proceeding for review of agency action "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Acting Commissioner apparently concedes both that plaintiff is the prevailing party and that her position in the case was not substantially justified, as she agrees plaintiff is entitled to recover some amount of attorney fees. "[O]nce a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in **Hensley** [**v. Eckerhart**, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)]." **Commissioner, Immigration and Naturalization Service v. Jean**, 496 U.S. 154, 161, 110 S.Ct. 2316, 2320, 110 L.Ed.2d 134 (1990).

The starting point for any calculation of a reasonable attorney's fee is the "lodestar," that is, the number of hours reasonably expended multiplied by a reasonable hourly rate. **Hensley**, 103 S.Ct. at 1939; **Malloy v. Monahan**, 73 F.3d 1012, 1017-18 (10th Cir. 1996). There is a strong presumption that the amount thus calculated represents a reasonable fee for purposes of fee-shifting statutes. **Homeward Bound, Inc. v. Hissom Memorial Center**, 963 F.2d 1352, 1355 (10th Cir. 1992).

Here, the reasonable hourly rate is set by statute, **see** 28 U.S.C. § 2412(d)(2)(A), as adjusted by a cost-of-living enhancement factor, **see Taylor v. Colvin**, 2015 WL

2

2375907 at *2-3 (D. Colo. May 15, 2015).  Plaintiff asserts the rate was $207.78 per hour in 2020 and $210.58 per hour in 2021, but seeks a single rate of $210 per hour for all her time.  Since the majority of counsel's time on this matter was billed in 2021, and because the Acting Commissioner does not argue otherwise, I accept this rate and apply it here.

The only remaining question, therefore, is whether the number of hours requested is reasonable.  Counsel's request here comprises 34.27 hours of attorney time and 22.18 hours of paralegal time.  Courts in this circuit repeatedly have recognized that 20 to 40 hours is a presumptively reasonable amount of attorney time for social security appeal.  See **J.M.V. v. Saul**, 2019 WL 5864809 at *2 (D. Kan. Nov. 8, 2019); **Leyba v. Berryhill**, 2018 WL 3336353 at *2 (D.N.M. July 5, 2018); **Bargar v. Colvin**, 2015 WL 2452429 at *1 (E.D. Okla. May 21, 2015); **Brodeur v. Astrue**, 2010 WL 4038611 at *4 (D. Colo. Oct. 14, 2010).  Counsel's request falls squarely within this range.

Nevertheless, the Acting Commissioner argues the 20 hours claimed[3] for the paralegal to transfer medical data from the record to a spreadsheet is excessive given the relatively small size of the medical evidence in this case.  I do not agree.  Even where medical records are not extensive, they are often dense.  Teasing out relevant information from such records is hardly rote and requires attention to detail and a level of discernment.  Moreover, this type of preparatory work – performed by a

---

[3] Although the Acting Commissioner calculates the paralegal spent 18.45 hours on these tasks, my own review of counsel's billing records shows 20 hours.

3

paraprofessional at a greatly reduced hourly rate[4] – undoubtedly greatly assists counsel when it comes time to prepare a brief and shows an intelligent exercise of appropriate billing judgment.  No reduction is warranted on this basis.

In a related argument, the Acting Commissioner maintains that, having created this spreadsheet, counsel's investment of time in preparing the opening brief was excessive.  Firstly, the Acting Commissioner mischaracterizes counsel's factual statement, which is neither "rote" nor "mechanical."  This court has seen briefs in which the medical record is simply regurgitated without narrative or analysis, but plaintiff's brief is not one of them.  Counsel here clearly did not merely transfer data from the spreadsheet to her brief.  Instead, the factual statement shows the exercise of professional discretion and skill, with counsel choosing which facts to highlight in light of the Acting Commissioner's disability decision and crafting a coherent (and ultimately persuasive) narrative to buttress plaintiff's legal arguments.  I thus will not reduce the award on this basis either.

The Acting Commissioner next asserts the amount of time expended on this litigation was excessive because counsel represented plaintiff at the administrative level, where she raised many of the same issues which were argued here.  Of course, such congruity of the issues is wholly unexceptional where counsel has represented the plaintiff below.  Moreover, one only need compare the two submissions to see that the

---

[4] Counsel here billed the paralegal's time at $25 an hour, far below the prevailing rate for paraprofessionals in the Denver area.  **See Richlin Security Service Co. v. Chertoff**, 553 U.S. 571, 579-80, 128 S.Ct. 2007, 2013, 170 L.Ed.2d 960 (2008) (under the EAJA, paralegal fees are compensable at the prevailing market rate); **Hayes v. SkyWest Airlines, Inc**., 2018 WL 10884337 at *3 n.5 (D. Colo. July 2, 2018) (noting decisions in this district approving paralegal rates of $100 to $125 an hour, and approving a rate of $150 per hour).

brief submitted in this case is a far more fulsome analysis of the relevant legal issues. This argument warrants no reduction.

Finally, the Acting Commissioner objects to the 3.96 hours counsel requests in connection with preparing and negotiating the petition for attorney fees. Such fees are recoverable under the EAJA. **See Jean**,110 S.Ct. at 2320-21. All of the time requested predates counsel's original motion for attorney fees filed July 23, 2021 [#26]. Although that motion was denied without prejudice on procedural grounds, counsel is not requesting compensation for any time attributable to her amended petitions. Thus, the Acting Commissioner's suggestion that fees should not be awarded "due to [the] attorney's own missteps on the EAJA" is misplaced and presents no basis for reducing the award.

Nevertheless, I do find that a slight reduction is warranted as to attorney time claimed for tasks which appear plainly clerical. Such hours are not compensable as attorney fees, **see Champlin v. Colvin**, 2013 WL 3303636 at *3 (D. Colo. July 1, 2013), even when performed by a solo practitioner, **see Shaw v. AT&T Umbrella Benefit Plan No. 1**, 2015 WL 8177654 *6 (E.D. Mich. Dec. 8, 2015).[5] I have identified 3.43 such hours, which will be deducted from the total award.

In addition, the 1.93 hours claimed to draft the complaint and the application to proceed *in forma pauperis* strikes this court as excessive and unreasonable, especially

---

[5] Although courts in other districts have recognized a "middle ground" approach and awarded fees for clerical tasks to solo or small firm practitioners at a reduced rate, **see Merrick v. District of Columbia**, 134 F.Supp.3d 328, 341 (D.D.C. 2015); **Fralick v. Plumbers & Pipefitters National Pension Fund**, 2011 WL 487754 *8 (N.D. Tex. Feb. 11, 2011), the Tenth Circuit does not appear to have adopted this practice.

5

for a practitioner of counsel's experience.  While there is nothing inherently wrong in counsel completing the application to proceed without payment of fees on her client's behalf, especially where the client has limited English, the application is a form document.  Completing it is therefore clerical in nature and thus not compensable.[6]  Although the complaint is not a form *per se*, it nevertheless is a short, pro forma document which any reasonably competent attorney, let alone an experienced social security practitioner, should be able to draft in no more than half an hour.[7]  This entry thus reflects a lack of billing judgment.  **See Hensley**, 103 S.Ct. at 1941.  **See also Praseuth v. Rubbermaid, Inc**., 406 F.3d 1245, 1257 (10th Cir. 2005) ("Billing judgment consists of winnowing hours actually expended down to hours reasonably expended.").  I therefore will deduct 1.43 hours from this entry.

For these reasons, I find and conclude that counsel is entitled to be compensated for 29.41 hours of attorney time at a rate of $210 an hour, or $6,176.10, plus 22.18 hours of paralegal time at a rate of $25 an hour, or $554.50.  Accordingly, plaintiff is entitled to attorney fees in the amount of $6,730.60.[8]

---

[6] Counsel billed separately for her time spent in acquiring the information necessary to complete the form on plaintiff's behalf.

[7] Indeed, a comparison of complaints counsel has filed in other social security appeals in this district since 2017 shows they are identical in structure, distinguishable only by a single paragraph setting forth in briefest detail the jurisdictional basis for the claim.  **See Complaint** [#1], filed April 10, 2021, in **Smith v. Saul**, Civil Action No. 21-cv-01008-REB; **Complaint** [#1], filed October 23, 2020, in **Oneal v. Saul**, Civil Action No. 20-cv-03179-MEH; **Complaint** [#1], filed July 24, 2018, in **Campbell v. Berryhill**, Civil Action No. 18-cv-01875-KLM; **Complaint** [#1], filed July 26, 2017, in **Putnam v. Berryhill**, Civil Action No. 17-cv-01821-CMA.

[8] Contrary to counsel's suggestion, it is not "customary in the 10th Circuit to pay EAJA fees to the attorney."  (**Reply** at 4.)  Counsel cites no authority for this proposition, and it is not the law.  Indeed, the Tenth Circuit has long recognized that a client's "assignment of his right in the fees award to counsel does not overcome the clear EAJA mandate that the award is to him as the prevailing party, and the fees belong to him."  **Brown v. Astrue**, 271 Fed. Appx. 741, 743 (10th Cir. 2008) (citing **Manning v. Astrue**,

**THEREFORE, IT IS ORDERED** as follows:

1. That plaintiff's **Amended Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Ac 28 U.S.C. § 2412(d)** [#29], filed July 28, 2021, is granted in part and denied in part, as set forth in this order;

2. That plaintiff's **Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Ac 28 U.S.C. § 2412(d)** [#28], filed July 26, 2021, is denied as moot; and

3. That pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), plaintiff is awarded attorney fees of $6,730.60.

Dated November 2, 2021, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

---

510 F.3d 1246, 1249-55 (10th Cir.2007)).